206 265
28 SC 377

# Bobb, Appellant, v. Union Traction Company.

*Negligence—Street railways—Crossings—"Stop, look and listen"—Motormen.*

The rule that persons about to cross a street railway must not only look when first entering the street, but must continue to look until the track is reached, applies to motormen upon street cars ; and if a motorman is injured by failure to observe this rule he cannot recover from the street railway company, and this is the case although the car which he is operating may have the right of way over the car with which he collides.

The motorman first reaching a street crossing with his car may not go on and by casting the whole burden of care on the other imperil the property of the company and the lives of the passengers in his car.

Argued March 30, 1903.      Appeal, No. 66, Jan. T., 1903, by plaintiff, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1900, No. 226, on verdict for defendant in case of James Bobb v. Union Traction Company.      Before MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ.      Affirmed.

Trespass to recover damages for personal injuries.

The court gave binding instructions for defendant.      Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*Thomas A. Fahy*, for appellant, cited : Hamilton v. Consolidated Traction Co., 201 Pa. 351; Raulston v. Phila. Traction Co., 13 Pa. Superior Ct. 412; Callahan v. Phila. Traction Co., 184 Pa. 425; Tompkins v. Scranton Traction Co., 3 Pa. Superior Ct. 576; Lebbering v. Struthers et al., 157 Pa. 312; Huntsinger v. Trexler et al., 181 Pa. 497.

*Thomas Leaming*, with him *Russell Duane*, for appellee, cited : Ehrisman v. East Harrisburg City Pass. Ry. Co., 150 Pa. 180; Burke v. Union Traction Co., 198 Pa. 497; Tyson v. Union Traction Co., 199 Pa. 264; Pieper v. Union Traction Co., 202 Pa. 100; Keenan v. Union Traction Co., 202 Pa. 107.

OPINION BY MR. JUSTICE FELL, May 18, 1903 :

The plaintiff was a motorman in charge of one of the defendant's cars which was running south on Twenty-second street. When it reached the north side of Market street, which is crossed by Twenty-second street at right angles, he stopped at the crossing to let passengers get off and on.      When signaled to go on, he looked both ways and saw a car approaching from the east on Market street, on the north track, which is twenty feet from the curb.      This car was 150 feet from the place where the tracks crossed.      He then started his car and proceeded slowly at the rate of a mile and a half an hour across Market street without looking again.      A collision occurred in which his car was struck about the middle by the Market street car.      When he started from the crossing, the

Market street car was within sixty feet of the Twenty-second street tracks, running on a down grade at the rate of five miles an hour, and the motorman had lost control of it. If the plaintiff had looked again before attempting to cross the track, he would have seen the Market street car within twenty feet of him and would have observed the ineffectual attempts of its motorman to stop it.

It was his duty to look again, notwithstanding that the rules of the company gave him the right of way. We have repeatedly held that the duty of persons walking or driving at a street crossing to look for an approaching car is imperative, and that it is not performed by looking when first entering the street, but continues until the track is reached: Burk v. Union Traction Co., 198 Pa. 497, and cases there cited; Pieper v. Union Traction Co., 202 Pa. 100. This rule is equally imperative in the case of motormen, and the one first reaching a street crossing with his car may not go on and by casting the whole burden of care on the other imperil the property of the company, and the lives of the passengers in his car. The court was clearly right in entering a nonsuit on the ground stated, that the plaintiff was negligent in attempting to cross Market street without looking again for a car. There are other grounds on which a nonsuit would be sustained, but we rest the affirmance of the judgment on this one in order that there may be plain and distinct notice of the duty of motormen in this regard.

The judgment is affirmed.