## Crumley, Appellant, *v.* Philadelphia Rapid Transit Company.

*Negligence—Street railways—Collision between wagon and car—Duty to look—Contributory negligence.*

Where the driver of a team undertakes to cross a street railway at a point between street crossings, and fails to look for a car immediately before going upon the tracks, he is guilty of contributory negligence, and if injured by a collision between his wagon and a car, he cannot recover from the company.

Argued Oct. 16, 1913. Appeal, No. 29, Oct. T., 1913, by plaintiff, from judgment of C. P. No. 2, Phila. Co., Sept. T., 1910, No. 1,885, for defendant n. o. v. in case of David Crumley v. Philadelphia Rapid Transit Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before WILTBANK, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff. Subsequently judgment was entered for defendant n. o. v.

*Error assigned* was judgment for defendant n. o. v.

*Elton J. Buckley,* for appellant.

*Owen J. Roberts,* with him *Harry S. Ambler, Jr.,* for appellees.

OPINION BY HEAD, J., February 00, 1914:

That there was an imperative legal obligation on the plaintiff to look for an approaching car immediately before he undertook to cross the tracks of the defendant company is no longer a debatable question. In Timler v. Rapid Transit Company, 214 Pa. 475, where the facts closely resembled those presented by this record, Mr. Justice ELKIN said: "The undisputed evidence is that when appellant looked the second and last time the head of his horse was nine feet from the track, while he himself was seated on his wagon nearly twenty feet distant. When he last looked and saw the approaching car it was necessary, in order to cross in safety, that he should drive nine feet to the track, five feet across it, which added to the length of his horse and wagon, eighteen feet, made a total of thirty-two feet before he could pass the car in safety. Notwithstanding these facts, he disregarded his duty to look immediately before going upon the track, and was injured by the collision with the car. Under the settled rule of our cases he was guilty of contributory negligence, and there can be no recovery. This court has frequently said that when the driver of a team at the intersection of two city streets, fails to look immediately before going upon the track, he is guilty of contributory negligence." (Many cases cited.) In Smathers v. Street Railway Co., 226 Pa. 212, the same learned justice uses the following language: "What was really decided in these cases and in the long line of cases which follows was that it is the absolute duty of a traveler or the driver of a team at the intersection of two city streets upon which is laid a line of street railway to look immediately before going upon the tracks, and failure to do so is negligence per se. . . . The one positive and imperative duty always required under such circumstances is to look when the tracks are reached and immediately before attempting the crossing. Failure to perform this absolute duty will defeat a recovery under the authority

of all our cases." To the same effect are many other cases, both in the Supreme Court and this court, but their citation seems to be unnecessary. If the obligation thus stated is imperative in cases where a plaintiff seeks to cross the tracks of a street car company on the line of a cross street a fortiori must it be imperative when he undertakes to cross at a point between street. crossings.

The plaintiff, in the present case, was unable to testify that he had complied with this imperative rule of the law. The most he could say was that his wagon, backed up to the south curb of Market street to receive a load, was so standing that the heads of his horses were about ten feet from the defendant's eastbound track. As he climbed into his seat, prepared to move the wagon, he looked westward and saw the defendant's car at a standstill on the west side of Thirtieth street, about 200 feet distant. He started his team, and without looking again, drove upon the track and never saw the car, from the moment he had seen it standing on the west side of Thirtieth street, until it struck his wagon. "Q. When your team was backed up against the south curb, your horse's head was about seven feet from the track? A. I think a little more than that. Q. Probably about ten feet? A. Yes, sir, around there. Q. Where were you when you saw this car? A. I was in my wagon. Q. Getting in the wagon? A. I was in the wagon. Q. What part of the wagon? A. The front. Q. Just stepping into the seat? A. Yes, sir. Q. You started your horse? A. Yes, sir. Q. The first thing you knew you were struck? A. The first thing I knew I was struck with the car. . . . Q. The only time you saw the car before you were struck was when it was standing at Thirtieth street? A. I looked and saw the car standing, and just pulled out. Q. As you got in the wagon? A. Yes, sir, when I got in the wagon I looked. By the Court: Q. When you looked then it was standing still? A. Yes, sir, it was standing still." Had he been able to say that he looked just before his horses moved on to the

track; that he then saw the car standing west of Thirtieth street, or even moving, but at such a distance away that there appeared to be time to cross, if the car were moving at usual speed, he would have presented a case for the consideration of the jury. It would have been their function to have determined whether or not he did stop at the moment he declared he did, and whether or not the situation then was as he described it. But having made it clear, by his own testimony, that he did not do that which the law so properly requires him to do, the learned court below could not have refused the defendant's motion for judgment. The assignment of error is overruled.

Judgment affirmed.