# Nicholson *v.* Pittsburg Railways Company, Appellant (No. 1).

*Negligence—Street railways—" Stop, look and listen"—Contributory negligence.*

In an action against an electric railway company to recover damages for personal injuries, the plaintiff will be held guilty of contributory negligence as a matter of law, and not entitled to recover, where it appears from his own evidence that he was driving his own automobile, that he approached defendant's track and could have seen a car approaching 600 feet away if he had looked before going upon the track, but that he failed to look, and was struck and injured.

Argued April 23, 1914.  Appeal, No. 94, April T., 1914, by defendant, from judgment of C. P. Allegheny Co., March T., 1912, No. 48, on verdict for plaintiff in case of Thomas Nicholson v. Pittsburg Railways Company. . Before RICE, P. J., HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.  Reversed.

Trespass to recover damages for personal injuries.  Before EVANS, J.

At the trial it appeared that the plaintiff, Thomas Nicholson, and his wife, Catharine Nicholson, were injured in a collision between one of defendant's cars and an automobile owned and driven by Mr. Nicholson. The accident happened at Race street and Swissvale avenue near Edgewood station.  The circumstances of the accident are stated in the opinion of the Superior Court.

Mr. and Mrs. Nicholson brought separate suits which, however, were tried together.  A stipulation filed of record shows that no record or paper-books were to be printed on appeal in Mrs. Nicholson's case.

Verdict and judgment for plaintiff.  The defendant appealed in both cases.

*Errors assigned* were in submitting the cases to the jury.

*Craig Smith*, with him *Clarence Burleigh* and *William A. Challener*, for appellant, cited: Ehrishman v. East Harrisburgh, etc., Pass. Ry. Co., 150 Pa. 180; Greenwood v. P., W. & B. R. Co., 124 Pa. 572; Burke v. Union Trac. Co., 198 Pa. 497; Pieper v. Union Traction Co., 202 Pa. 100; Keenan v. Union Trac. Co., 202 Pa. 107; Morrow v. Delaware Co. & Phila. Ry. Co., 199 Pa. 156; Moser v. Union Traction Co., 205 Pa. 481; Mease v. United Traction Co., 208 Pa. 434; Ervay v. Waverly, etc., Traction Co., 240 Pa. 440; Speakman v. Philadelphia & W. Chester Traction Co., 42 Pa. Superior Ct. 558; McClelland v. Pittsburg Rys. Co., 216 Pa. 593; Cupps v. Traction Co., 13 Pa. Superior Ct. 630; Brown v. Traction Co., 14 Pa. Superior Ct. 594; McPhillips v. Union Traction Co., 19 Pa. Superior Ct. 223; Potter v. Scranton Railway Co., 19 Pa. Superior Ct. 444; Hicks v. Phila. Rapid Trans. Co., 53 Pa. Superior Ct. 174.

*T. M. Gealey*, for appellee, cited: Sheetz v. United Traction Co., 49 Pa. Superior Ct. 177.

OPINION BY HEAD, J., July 15, 1914:

From the oral testimony of the plaintiff and the excellent photographs offered in evidence and attached to the appellant's brief, we readily ascertain the following facts: On a Sunday afternoon the plaintiff, driving his own automobile, was traveling north on Race street near Edgewood station. That street intersects but does not cross Swissvale avenue, running east and west. At the point of intersection Race street trends northwest. It thus enters the avenue at an angle, flat and obtuse as to one going west, but sharp and acute to one about to turn east on the avenue. On this avenue the defendant operated cars on a single track in the middle of the street leaving a cartway of sufficient width for the use of vehicles as well as a sidewalk on either side of the track. On the south side of the avenue

back of the sidewalk at a distance of approximately
100 feet from Race street, stood a billboard high enough
to obstruct a view further down the avenue by one ap-
proaching it along Race street.   There was nothing else
in the way.'   Manifestly then, as the plaintiff neared the
avenue, he could see a west bound car for only about 100
feet before it reached the intersection of street and avenue.
When he arrived at the property line the billboard was no
longer an obstacle and he had a clear view of the avenue
eastward to a bend in the street perhaps 600 feet away.

The plaintiff's contention is, that as he approached
the avenue he was moving at the rate of "five or six
miles an hour, just about as slow" as his car could
run; that he was keeping a sharp lookout and listening
for gong or other noise indicating an approaching car.
He saw and heard nothing.   In swinging his own car
into the avenue he had to use for a moment a portion
of the defendant's track; that just then he for the first
time saw a street car coming up the grade so close to
him, and moving so rapidly, he could not clear 'the
track in time to avoid a collision.   Accepting his own
statement, in the light of the physical conditions noted,
is not the only rational conclusion to be drawn from all
of the facts that he contributed to his own injury by
lack of due care?   We can see no escape from it.

The plaintiff leaves us in no doubt as to when he
last looked for an approaching car before driving his
automobile on the defendant's track.   In response to
the question where he was when he took his last look
in the direction from which the car came, he answered:
"Just as I was approaching the billboards, as I was
approaching the street, just before I got within the
line of vision."   He knew he had a sharp turn to make.
He knew that until he reached the line of the billboard,
which was approximately the property line of the ave-
nue into which he meant to turn, his view was limited
by the obstruction.   But he further knew that when he
reached the property line with the width of the side-

walk and the cartway yet intervening between him and the track, he had a clear view for 600 feet down the avenue. He did not avail himself of the opportunity to look at a point where the approaching car would have been in plain view. The duty to look at all implies the further obligation to look from a point from which he could see whether his proposed turn into the avenue would involve him in danger. If the law cast upon him the duty of looking just before going upon the track of the street railway, his own admission plainly shows a disregard of that duty. In Crumley v. Philadelphia Rapid Transit Co., 55 Pa. Superior Ct. 599, we said: "That there was an imperative legal obligation on the plaintiff to look for an approaching car immediately before he undertook to cross the tracks of the defendant company is no longer a debatable question." The latest utterances of the Supreme Court, cited in that opinion, fully sustain the statement of the legal principle there made. The facts of that case were in substance much like those presented by this record. There the plaintiff testified that when he started from the curb line of the street to cross the railway track he looked for a car and saw one, not then moving, some 200 feet away. Without again looking he undertook to cross the track and was struck by the approaching car. It was held he could not recover. Here the plaintiff testifies that the last time he looked was from a point where his view was so obstructed that he could see but a few feet down the avenue. He admits that as soon as he reached the line of the billboard he could have seen, if he had then looked, 600 feet down the avenue. From that point he must have seen the approaching car, and if he were driving his own vehicle as he says he was, there would have been ample time to have prevented any collision. It is manifest too that the motorman, driving the street car, would for the first time get a view of the plaintiff's automobile at the precise moment when the plaintiff could see the ap-

proaching street car.  If it was the duty of the motorman to have his car under such control that he could stop it before it struck the automobile, the same law imposed upon the plaintiff the same obligation to have his automobile under such control that he could have stopped in time to avoid the collision.  This obligation becomes still plainer when we consider that the plaintiff was operating a mobile vehicle which he could move at pleasure along any portion of the highway.  Defendant's car was confined to its own tracks.  The evidence does not show that any other vehicle was upon either street at the time of the accident except only the plaintiff's motor car and the defendant's railway car.

Viewing then the evidence as a whole, we can reach no other conclusion than that the plaintiff contributed to his own injury, and the learned trial judge should so have declared as matter of law and affirmed the defendant's point for binding instructions.  Having declined the point, the rule for judgment non obstante veredicto should have been made absolute.

Judgment reversed and the rule for judgment for the defendant non obstante veredicto is now made• absolute.