## Isecovitz, Appellant, *v.* Conestoga Traction Company.

*Negligence—Street railways—Right angle collision—Contributory negligence—Nonsuit.*

Where the driver of a team with a heavy load approaches a cross-street on which he knows a line of street cars is operated, and he does not have his team under proper control when he reaches the house line or the street car tracks, and does not look for an approaching car at either place, and it appears that he could have seen a car had he looked, but he drives on at a slow trot, and when he sees the car is unable to turn his horse, and a collision occurs, the street railway company will not be liable for an injury to the horse, and in a suit to recover damages for such injury a nonsuit will be entered.

Argued Nov. 8, 1915. Appeal, No. 14, Oct. T., 1915, by plaintiff, from order of C. P. Lancaster Co., Aug. T., 1910, No. 49, refusing to take off nonsuit in case of Michael Isecovitz v. The Conestoga Traction Company. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Trespass to recover damages for injuries to a horse. Before LANDIS, P. J.

The facts relating to the accident are stated in the opinion of the Superior Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*B. F. Davis,* for appellant.

*S. R. Zimmerman,* with him *John E. Malone,* for appellee.

OPINION BY KEPHART, J., December 20, 1915:

The plaintiff's horse was injured in a "right angle" collision with a street car of the defendant's, where South Duke street and East Vine street intersect. The horse was being driven down grade at a "jog run," or slow trot, westwardly on the north side of East Vine street. Its speed had not slackened when it reached the crossing. There were good breaks on the wagon and, though it was heavily loaded, it could have been stopped easily. When the driver first saw the car and attempted to turn the horse and wagon in the direction the car was moving, the heavy load pushed the horse on the track. The driver admitted that he "did not see the car coming down at all." He saw it just as the horse was struck. When he passed the house line of South Duke street he could have seen the car approaching above Krieder's store which was some distance from the place where the accident took place; sufficient distance that, had the team been under control, he could have stopped. He was familiar with the street and knew that cars ran only in a southerly direction on Duke street. There was no evidence of excessive speed. It was clear that the appellant was not entitled to have his case submitted to the jury because of his contributory negligence. His team was not only not under proper control when he reached the house line or the street car tracks, but he did not look for an approaching car at either place. The duty imposed on the driver of a team about to cross the tracks of a street railway at a crossing has been stated in a number of decisions. It is not only his imperative duty to look just before entering the tracks: Smathers v. P. B. & W. Ry. Co., 226 Pa. 212; Shope v. Central Pa. Traction Co., 242 Pa. 207, but it is his duty to have his team under such control that if danger is imminent he can stop to avoid it. It is not enough to say that he listened

for the car and did not hear any bell.    He and his witnesses say he could have seen the car had he looked. The learned court below was clearly right in refusing to take off a compulsory nonsuit.

The judgment is affirmed.