## Bready, Appellant, v. Philadelphia Rapid Transit Company.

*Negligence—Street railways—Automobiles — Crossings — "Stop, look and listen."*

When the driver of an automobile, about to cross the tracks of a passenger railway constructed upon a public highway, fails to look immediately before going upon the track, he is guilty of contributory negligence, and this rule applies to the crossing of such railway tracks in the country as well as in the city.

Where the driver of an automobile enters upon the crossing of a street railway track without looking, at a speed of six to eight miles an hour, up hill, with his car under perfect control, having reduced his speed from fifteen miles an hour, he is guilty of contributory negligence, and if he is struck by a car he cannot recover damages from the street railway company.

Argued Dec. 5, 1916. Appeal, No. 136, Oct. T., 1916, by plaintiff, from judgment of C. P. Montgomery Co., Oct. T., 1914, No. 242, for defendant non obstante veredicto in case of George J. Bready v. Philadelphia Rapid Transit Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for personal injuries, and injuries to an automobile. Before SWARTZ, P. J.

At the trial the jury returned a verdict for $217.75. Subsequently the court entered judgment for defendant non obstante veredicto.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*Ardemus Stewart,* for appellant.

*Franklin L. Wright,* with him *C. Townley Larzelere* and *Nicholas H. Larzelere,* for appellee.

OPINION BY ORLADY, P. J., December 13, 1917:

The judgment in this case was entered for the defendant non obstante veredicto and the plaintiff brings this appeal.

The plaintiff's right to the verdict is to be determined by his own testimony, which, taken with that of his witnesses establishes facts which must result in our holding that he was guilty of such contributory negligence that he should not recover. He was familiar with the crossing he attempted to enter and knew it had special dangers on account of hedges, poles, etc., which obstructed his view, and that it was liable to be used any moment by a trolley car. He approached it on a straight incline in his automobile, and when fifty feet distant therefrom, while running at the rate of fifteen miles an hour, slowed down so as to enter upon the crossing at a speed of six to eight miles an hour, without stopping. At that moment the trolley car was at least 100 feet from it, while he was from six, eight or ten feet from the first rail. He listened for a car, but did not stop. He was an experienced driver and had his car under perfect control. When he saw the trolley car, as he states, "I gave my car all the force I could and shot across to get away from it." The trolley car was drifting down grade at a rapid rate of speed. The duty of the plaintiff under such circumstances and the liability of the defendant have been frequently declared; following our own cases we feel obliged to affirm this judgment in favor of the defendant.

In Clift v. Philadelphia & W. C. Co., 52 Pa. Superior Ct. 502, the authorities are reviewed by our Brother PORTER, as follows: "When the driver of a team, about to cross the tracks of a passenger railway constructed upon a public highway, fails to look immediately before

going upon the track, he is guilty of contributory negligence: Timler v. Philadelphia Rapid Transit Co., 214 Pa. 475; McCracken v. Consolidated Traction Company, 201 Pa. 378; Bobb v. Union Traction Company, 206 Pa. 265; Smathers v. P. & B. St. Ry. Co., 226 Pa. 212. This rule applies to the crossing of such railway tracks in the country, as well as in the cities: Keenan v. Union Traction Company, 202 Pa. 107. The reasons for the rule, its nature and necessity, have been so fully considered in the cases cited that further discussion is unnecessary. The learned judge of the court below felt constrained to hold that the rule had been modified, or its application limited, by the decisions on Henderson v. United Traction Company, 202 Pa. 527; Mackey v. P. & W. C. Trac. Co., 227 Pa. 482, and Wright v. Pittsburgh Rys. Co., 223 Pa. 268; but a careful study of those cases will disclose no intimation of a departure from the well established rule. In no one of those cases did it appear that the plaintiff had affirmatively proved that the person driving the team had failed to exercise proper vigilance and continued to look for an approaching car down until he reached and entered upon the track. In Mackey v. P. & W. C. Traction Co., 227 Pa. 482, it was said: "It may be presumed in the absence of any testimony to the contrary that he also continued to look for an approaching car, until his leading horses were entering upon the line of the second track. In the absence of evidence indicating neglect of duty, negligence may not be presumed, but when the negligence of a plaintiff is established out of his own mouth, it is for the court to enforce the rule." The rule is further summarized by our Brother TREXLER, in Miller, Etc., Storage Co. v. Philadelphia Rapid Trans. Co., 62 Pa. Superior Ct. 568, as follows: "The driver of plaintiff's van when he reached the house line of the street saw a street car approaching on the street he was about to cross. His next look was when he was within one foot of the trolley track. Then the street car was two or three car lengths

away, coming at full speed. At the place he last looked, he could not stop his machine in time to avoid a collision. He put on speed in order to cross in front of the car, but failed in his attempt and was struck. The court entered a nonsuit and we think properly so. The driver of the van did not fulfill his duty in the premises when he looked as he came to the house line of the street. He should have looked before he entered the track. The last look he gave amounted to nothing for he was not then in a position to avoid the danger. The chauffeur should have looked before going upon the track and when he looked his machine should have been under such control as to enable him to stop before entering the tracks, for it would be useless to have looked when he by his own act had put himself in such a position that the danger could not be avoided."

Applying these rules to the undisputed facts of this case, this plaintiff entered upon the crossing without stopping, at a speed of six to eight miles an hour, up hill, with his car under perfect control, having reduced his speed from fifteen miles an hour. Had he followed the well recognized rule, the accident could have been avoided, but he elected to not make a stop and to take the chance of racing over the track ahead of the trolley car. As was said by HEAD, J., in Crumley v. Philadelphia Rapid Trans. Co., 55 Pa. Superior Ct. 599, "That there was an imperative legal obligation on the plaintiff to look for an approaching car immediately before he undertook to cross the tracks of the defendant company, is no longer a debatable question." It is claimed that an automobile is more easily controlled and stopped with safety than is a team of horses, and if so, it is the duty of the driver to have the car not only under control, but make the stop if necessary, at a safe place. It may be safely stopped nearer to the track than a team of horses should be, but it must be at a safe place before entering upon the track. "The one positive and imperative duty always required under such circumstances is to look when the

tracks are reached and immediately before attempting the crossing. Failure to perform this absolute duty will defeat a recovery under the authorities of all our cases. A driver can take no close chance except at his peril": Smathers v. P. & B. St. Ry. Co., 226 Pa. 212.

We adopt the conclusion of the trial judge in entering judgment for the defendant non obstante veredicto. "If the plaintiff could have seen the car at the twelve-foot space and failed to look, he was negligent. If he could not see, he was negligent in entering the crossing at six to eight miles an hour." See Sefton v. B. & O. R. R. Co., 64 Pa. Superior Ct. 218.

The judgment is affirmed.