# Lessig v. Reading Transit & Light Co., Appellant.

*Negligence — Street railways — Automobile — Collision — Contributory negligence—Case for court—Evidence—Judicial notice—Presumption—Looking at edge of track.*

1. A court cannot accept as true that which the indisputable evidence demonstrates is false.

2. Where in a negligence case plaintiff's own testimony stands not only opposed to that of several disinterested witnesses, but is shown to be untrue by incontrovertible physical facts, it is error to submit the case to the jury.

3. It is vain for a man to say that his auto was struck in the back by a street car, where the only injury thereto was at the side

near the front wheel; or to insist that a collision with a street car was at one place, when broken glass and other unmistakable evidence thereof, were at another place.

4. The appellate court should take judicial notice of the law of nature or mathematics or quality of matter, or whatever it may be that rules the case, and apply it as the trial court should have done.

5. Where disinterested testimony and physical facts show that an automobile was struck by a trolley car, immediately as it entered upon the tracks of a street railway, the driver is guilty of contributory negligence as a matter of law and cannot recover.

6. A theory cannot be accepted as to how a collision might have happened in the face of convincing evidence as to how it actually did happen.

7. There can be no presumption as against facts which are proven.

8. The rule requiring a traveler to look when at the edge of a street railroad track is inflexible, and the fact that he is in a closed auto is no excuse for its nonperformance.

9. In such case, it is the driver's duty to lean forward or otherwise to put himself in a position to obtain a clear view of the track, and if he fails to do so, he takes the risk.

Argued February 28, 1921. Appeal, No. 410, Jan. T., 1921, by defendant, from judgment of C. P. Berks Co., Aug. T., 1919, No. 127, on verdict for plaintiff, in case of Irvin F. Lessig v. Reading Transit & Light'Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SADLER and SCHAFFER, JJ. Reversed.

Trespass for personal injuries. Before ENDLICH, P. J. The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $4,412.50. Defendant appealed.

*Error assigned,* among others, was refusal of defendant's motion for judgment n. o. v.

*C. H. Ruhl,* for appellant, cited: Bready v. Transit Co., 68 Pa. Superior Ct. 298; Keenan v. Traction Co., 202 Pa. 107; Kemmler v. R. R., 265 Pa. 212; Wolf v. Traction Co., 252 Pa. 448; Moyer v. Traction Co., 221

Pa. 147; Funk v. Traction Co., 175 Pa. 559; Mease v. Traction Co., 208 Pa. 434; Reid v. Transit & Light Co., 66 Pa. Superior Ct. 101; Clift v. Traction Co., 52 Pa. Superior Ct. 502; Moser v. Traction Co., 205 Pa. 481; Boring v. Traction Co., 211 Pa. 594.

*John B. Stevens,* for appellee, cited: Martin v. Traction Co., 261 Pa. 96; Patterson v. Rys. Co., 260 Pa. 214.

OPINION BY MR. JUSTICE WALLING, April 18, 1921:

This suit is for damages sustained in a collision between a trolley car and an automobile. Defendant has a single track electric railway, extending from Penn Square southerly along the center of Fifth Street in the city of Reading, and crossing Cherry Street at right angles; the latter being a narrow street, about one hundred and fifty feet south of Penn Square, and not a stopping place for trolley cars. The grade descends to the south and there is a cartway twenty feet wide on each side of the track. On the evening of February 16, 1916, plaintiff drove his Ford coupelet, a closed car, down Fifth Street and stopped for gas near the west curb at a tank twenty-five feet south of Cherry Street, and then drove out onto the track where his auto was struck by a southbound trolley car and he was thrown to the pavement and seriously injured. Plaintiff testified that he got out of his auto at the gas tank and just before starting from there looked up the track but saw no car, and looked again with the same result just before driving upon the track, where his view was somewhat limited by the side of his auto and the direction he was moving; that he then turned south and drove along the track about fifty feet when the car struck his auto in the rear. This statement that plaintiff turned and drove along the track before the collision is contradicted by all other witnesses to the accident, who agree that he drove in a southeasterly direction from the gas tank and was struck upon the left side of his auto just as he entered upon the track.

Their testimony is corroborated by the undisputed fact, shown by witnesses and by photographs, that the rear of the auto is without a mark, while its left side, back of the front wheel, is badly battered as a result of the collision. It is also corroborated by the undisputed testimony of plaintiff's witness, Lloyd, that broken glass, dirt, etc., were found on the ground where the evidence shows the auto first came to the track. The car had stopped at Penn Square, where it was boarded by some sixty passengers; then came down and across Cherry Street at the speed of eight or ten miles an hour. There is some dispute as to the sounding of the gong, but none of the motorman's testimony that he reversed the power when he saw the danger and could not stop in time to avoid the collision. The car was lighted, including the headlight, and while standing at Penn Square, or moving from there to the place of accident, could readily have been seen by appellee. The trial judge submitted the case to the jury, who found for plaintiff, and this appeal by defendant from judgment entered thereon raises the single question as to whether appellant on the whole record is entitled to judgment.

This question must be answered in the affirmative, on the ground of plaintiff's contributory negligence. As a general rule a suitor is entitled to have his case submitted to the jury on his own interested testimony although contradicted by disinterested witnesses, the remedy for a perverse verdict being a new trial; where, however, as here, the party's own testimony stands not only opposed to that of several disinterested witnesses, but is shown to be untrue by incontrovertible physical facts, the case is different. It is vain for a man to say his auto was struck in the back when the only injury thereto is at the side near the front wheel, or to insist the collision was at one place when the broken glass and other unmistakable evidences thereof are at another. A court cannot accept as true that which the indisputable evidence demonstrates is false. As was stated in the opin-

ion of this court by Mr. Justice (later Chief Justice) BROWN, in Bornscheuer v. Traction Co., 198 Pa. 332, 334: "In Carroll v. P. R. R. Co., 12 W. N. C. 348, we held that 'it is in vain for a man to say that he looked and listened, if in despite of what his eyes and ears must have told him, he walked directly in front of a moving locomotive'; and it is equally true that when, with the certainty of an infallible mathematical test applied to the testimony of a witness, he is found to be mistaken in a material matter, it would be a travesty upon justice to allow a jury to consider such testimony, and a license to them to render a false, instead of a true finding. Such testimony is either intentionally false or mistakenly so; and, in either case, the court should instruct the jury to disregard it." In the present case plaintiff's testimony cannot be accepted in the face of the infallible physical facts. Elliott on Evidence (sec. 39) says, "Even though it [an appellate court] may not be authorized to weigh evidence and pass upon the facts, it may, and should, so use its judicial knowledge as to bring about justice. Thus, there are often undisputed physical facts clearly shown in evidence, and, by applying to them a well-known law of nature, of mathematics, or the like, it is demonstrated beyond controversy that the verdict or finding is based upon what is untrue and cannot be true. In such cases it is very generally held that the appellate court should take judicial notice of the law of nature or mathematics or quality of matter, or whatever it may be that rules the case, and apply it as the trial court should have done." This is quoted with approval, and numerous cases cited to like effect, in Sheppard v. Wichita Ice & C. S. Co., 82 Kan. 509, s. c. 28 L. R. A. (N. S.) 648, 650. In Hunter v. N. Y., O. & W. R. R. Co., 116 N. Y. 615, the appellate court reversed the judgment by taking notice of the physical fact that a man's head would not be four feet and seven inches above the top of a box car on which he was seated. In Norfolk & W. R. R. Co. v. Strickler, 118 Va. 153, where plaintiff testified he looked

and listened but neither saw nor heard an approaching truck that was in full view, a judgment in his favor was reversed by the appellate court which stated, inter alia, "This court has repeatedly declared that courts are not required to believe that which is contrary to human experience and the laws of nature, or which they judicially know to be incredible. Though the case be heard as upon a demurrer to the evidence, the court will not stultify itself by allowing a verdict to stand, although there may be evidence tending to support it, when the physical facts demonstrate such evidence to be untrue and the verdict to be unjust and unsupported in law and in fact"; and see Gulf C. & S. F. Ry. Co. v. Wilson (Texas), 60 S. W. 438; Blakeslee's Express & Van Co. v. Ford, 90 Ill. App. 137.

In our case as the disinterested evidence and physical facts show that plaintiff was struck immediately as he drove upon the track, he was guilty of contributory negligence and cannot recover. We have not overlooked the suggestion that the rope-fender on the car may have struck the rear wheel of the auto and turned it so far around that it received the real blow at the side. There is, however, no evidence that the accident so happened, but much to the contrary. A theory cannot be accepted as to how a collision might have happened in the face of convincing evidence as to how it actually did happen. "There can be no presumption as against facts which are proven": Bernstein v. Penna. R. R. Co., 252 Pa. 581, 587.

There is another obstacle to plaintiff's recovery, even assuming the evidence would support a finding that he turned down the track before the accident. Under any theory of the case, the car was coming down the grade in full view, and dangerously near, when plaintiff came to the track; others saw it, even his own witness Brown, and knew a collision was certain. The only reason plaintiff did not see it is he was seated in a closed car and failed to look in that direction. The rule requiring the

traveler to look when at the edge of the track is inflexible, and the fact that he is in a closed auto is no excuse for its nonperformance. It is then his duty to lean forward or otherwise put himself in a position to obtain a clear view of the track; this appellee failed to do and, hence, assumed the risk. In other words, a person cannot voluntarily place an obstruction between himself and an on-coming car and thereby excuse his failure to see it. As plaintiff drove right in front of the approaching car, his look up the track, if any, was manifestly perfunctory, or, as stated in Pieper v. Union Traction Co., 202 Pa. 100, "a mere heedless glance and not an adequate performance of the duty required by the situation"; and see Keenan v. Union Traction Co., 202 Pa. 107. A person is bound to see that which is plainly visible at the time it becomes his duty to look: Myers v. B. & O. R. R., 150 Pa. 386; Smith, Admrx., v. McAdoo, Dir. General, 266 Pa. 328. The language of this court in Boring v. Union Traction Co., 211 Pa. 594, that "If the plaintiff had looked at the point of danger, as it was his duty to do, he would have seen what his witness saw, that the car was so near that in attempting to cross he was placing himself in a position of imminent danger," is applicable here. "Where a person fails to see that which is plainly obvious, such person is clearly guilty of contributory negligence": Miller v. W. Jersey & S. R. R. Co., 257 Pa. 517, 518.

This is not the case of a car coming suddenly in view after the traveler had committed himself to the crossing, nor of misjudging the speed of an approaching car. Moreover, the car in question was so plainly in view and so near at hand that appellee's failure to see and avoid it was such negligence as precludes his recovery, whether it overtook him the instant he reached the track or when he had gone fifty feet upon it.

The judgment is reversed and is here entered for the defendant non obstante veredicto.