## Barton *v.* Lehigh Valley Transit Co., Appellant.

*Negligence—Street railways—Automobiles—Collision—Contributory negligence—Look and listen.*

1. In an action against a street railway company for injuries caused between a collision of an electric car and an automobile, the question of defendant's negligence is for the jury, where there is evidence of excessive speed by the car, and failure to give warning and lack of control by the motorman.

2. It is an inflexible duty of a traveler to look for an approaching street car immediately before entering upon the track.

3. It is vain for a person to say she looked and listened when in spite of what her eyes and ears must have told her, she drove in front of an approaching street car by which she was immediately struck.

4. The court cannot accept as true that which the indisputable evidence demonstrates as false.

5. Where a traveler sees an approaching car and attempts to cross under a misapprehension as to its speed, a different question is presented.

Argued May 5, 1925. Appeal, No. 15, Jan. T., 1926, by defendant, from judgment of C. P. Northampton Co., Dec. T., 1922, No. 19, on verdict for plaintiff, in case of Laura Barton v. Lehigh Valley Transit Co. Before MOSCHZISKER, C. J., WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Trespass for personal injuries and damage to automobile. Before McKEEN, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $6,500. Defendant appealed.

*Error assigned* was, inter alia, refusal of judgment for defendant, n. o. v., quoting record.

*Asher Seip,* for appellant, cited: Lessig v. Reading T. & L. Co., 270 Pa. 299; Flounders v. Traction Co., 280 Pa. 85; Nicholson v. Rys., 58 Pa. Superior Ct. 106.

*Calvin F. Smith,* of *Smith & Paff,* for appellee, cited: Mackey v. Traction Co., 227 Pa. 482; Keck v. Ry., 271 Pa. 479; Francis v. Ry., 66 Pa. Superior Ct. 497; Klingmann v. Rys., 252 Pa. 12; Cathcart v. Transit Co., 62 Pa. Superior Ct. 215; Clifford v. Transit Co., 269 Pa. 304.

OPINION BY MR. JUSTICE WALLING, May 25, 1925:

The William Penn Highway (herein called the highway) extends from Bethlehem to Easton and is intersected, practically at right angles, by a public road, called Kemmerer Street. The Lehigh Valley Transit Company, defendant, has a single-track electric street railway located on private property to the north of and adjoining the highway and crossing Kemmerer Street a few feet therefrom. Mrs. Laura Barton, the plaintiff, lived on Kemmerer Street and, while returning from Bethlehem on July 12, 1922, drove her Ford sedan east along the highway until she turned north into Kemmerer Street, where, in crossing defendant's track, she was struck by one of its eastbound trolley cars (herein called the car), and this suit, brought to recover for her personal injuries and the value of the sedan which was wrecked, resulted in a verdict and judgment in her favor, and defendant has appealed.

As there was evidence of the car's excessive speed, also of failure to give warning and lack of control by the motorman, the question of defendant's negligence was one of fact; but the trial court should have entered judgment for the defendant on the ground of plaintiff's contributory negligence. It was a bright day, she was familiar with the locality and there was no other traffic near to divert her attention. To the east she had a clear view of the defendant's track for seventeen hundred feet and to the west, the direction from which the car came, for over nine hundred feet. The evidence for plaintiff was that, as she was driving east on the south (right-hand) side of the highway, she stopped before turning into Kemmerer Street and held out her left hand, then

turned into that street and, while crossing the track, was struck by the car which she had not seen; that as she came to the track the windows of the sedan were open and she looked in both directions, saw no car and did not stop after making the turn; that she was moving at the speed of from four to five miles an hour, and that the car approached at the speed of from forty to forty-five miles an hour. The latter was the estimate of a Mr. Kemmerer, although a great majority of the evidence indicated that the car was moving at a less rate of speed. It was, however, in a sparsely built up section and the car, taking people to a picnic, was doubtless moving rapidly; this is indicated by the evidence by the fact that the collision threw, plaintiff and the sedan some twenty-five feet. There were two poles standing south of the railroad track, one sixty-four feet and the other one hundred and eighty-one feet west of Kemmerer Street, but not sufficiently near the track to obstruct plaintiff's vision; in fact, she makes no claim that they did, or that the sedan became stalled on the track.

Kemmerer testified he saw the forward wheels of the sedan cross the railroad track and the rear wheels enter upon it and at the same time saw the car coming at the next crossing, over three hundred feet away. This testimony is disproved by the physical facts. The sedan was moving forward and continued to do so until the collision and had its rear wheels been on the track when the car was three hundred feet away the accident could not have happened; neither could it under plaintiff's own testimony, for she said when the sedan was within three feet of the track the car was not within three hundred and fifty-eight feet of the crossing, as she looked west for that distance. Why she did or how she could so limit her vision, with the open track beyond, is not explained; but, assuming that she could and did, and, on the evidence most favorable to her, the car was moving forty-five miles an hour and the sedan four; hence, while the former was covering the three hundred and fifty-eight

feet the latter would go about one-eleventh of that distance, or approximately thirty-two feet, which would have cleared the track by many feet, but in fact it was struck before going one-half that distance. A court cannot accept as true that which the indisputable evidence demonstrates is false: Lessig v. Reading Transit & Light Co., 270 Pa. 299, and authorities there cited. To like import is Hill v. Phila. Rapid Transit Co., 271 Pa. 232, 235, 236. In Bornscheuer v. Traction Co., 198 Pa. 332, 334. Mr. Justice BROWN, speaking for the court, says: "The conclusion is irresistible that the witness was mistaken as to the distance between him and the car when he started to cross the track, and the jury should not have been allowed to believe him. In Carroll v. Penna. R. R., 12 W. N. C. 348, we held that 'it is in vain for a man to say that he looked and listened, if, in despite of what his eyes and ears must have told him, he walked directly in front of a moving locomotive'; and it is equally true that when, with the certainty of an infallible mathematical test applied to the testimony of a witness, he is found to be mistaken in a material matter, it would be a travesty upon justice to allow a jury to consider such testimony and a license to them to render a false instead of a true finding. Such testimony is either intentionally false or mistakenly so; and, in either case, the court should instruct the jury to disregard it."

We have repeatedly said it is the inflexible duty of the traveler to look for an approaching street car immediately before entering upon the track: Clifford v. Phila. R. Transit Co., 269 Pa. 304; Moses v. Northwestern Pa. Ry. Co., 258 Pa. 537; Ervay v. Waverly, S. & A. Tract. Co., 240 Pa. 440; Smathers v. P. & B. St. Ry. Co., 226 Pa. 212; Timler v. Phila. Rapid Transit Co., 214 Pa. 475; McCracken v. Traction Co., 201 Pa. 379. When plaintiff in the instant case reached that point the car was in plain sight, rapidly approaching the crossing and so near that an attempt to cross its path would, as it did, expose her to imminent peril. There is no escape

from the conclusion that had plaintiff then looked west she must have seen the car, for, as above stated, she had a clear view for nine hundred feet.

Furthermore, as quoted above, it is vain for a person to say he looked and listened when, in spite of what his eyes and ears must have told him, he walked or drove in front of an approaching train or car by which he was immediately struck: Hazlett v. Director Gen. of R. R., 274 Pa. 433; Weber v. Phila. R. T. Co., 256 Pa. 595; Holden v. Penna. R. R., 169 Pa. 1; Marland v. Railroad Co., 123 Pa. 487. That rule, while only applicable to clear cases, governs the present, for plaintiff's sedan was struck when it was but little more than one-half across the single track and in less than three seconds after she started to cross the same. The case in its controlling features is not distinguishable from Moses v. Northwestern Pa. Ry. Co., supra, where we held plaintiff's action was defeated by contributory negligence. To like import is Miller v. W. Jersey & S. R. R. Co., 257 Pa. 517, and see Nicholson v. Pgh. Rys. Co. (No. 1), 58 Pa. Superior Ct. 106.

Plaintiff relies upon Knobeloch v. Pgh., H. B. & N. C. Ry. Co., 266 Pa. 140. In that case, however, there was a double track to cross and the automobile was struck when clearing the second track, while the evidence there indicated a higher rate of speed of the trolley car, a lower rate of speed of the automobile and a shorter range of vision than in the instant case. Had Mrs. Barton seen the car and attempted to cross under a misapprehension as to its speed, a different question would be presented. She had been driving an automobile but a few days and possibly her failure to see the car resulted from her attention being fixed upon the sedan, but, if so, it was no legal excuse. See Flynn v. Railways Co., 234 Pa. 336.

The judgment is reversed and is here entered for the defendant non obstante veredicto.