**TOLEDO & INDIANA RD CO v YHALKEE**

Ohio Appeals, 6th Dist, Lucas Co

No 3018.   Decided Feb 8, 1935

Tracy, Chapman & Welles, Toledo, and Edward W. Kelsey, Toledo, for plaintiff in error.

Holloway, Peppers & Romanoff, Toledo,
for defendant in error.

## OPINION

**By RICHARDS, J.**

No positive evidence was adduced to support the claim of Yhalkee that no adequate signals were given of the approach of the train. All of the evidence offered by him in this regard was negative and to the effect only that none was seen or heard. If, as Yhalkee says, he could, in spite of the snow-storm, see 50 feet ahead of his car, then certainly he could have seen, had he looked, the light flashing ahead of the approaching train, which the evidence, as we view it, clearly and indisputably shows was brightly burning. Nor have we any doubt as to the whistle having been blown and that it could and would have been heard, as he approached the tracks, had he been listening and paying attention thereto. He was going, he says, only 4 or 5 miles an hour and testified he could stop within 4 or 5 feet. Sibley Road inclines upward from his driveway toward the tracks, which would favor, or at least not retard, his ability to stop. He was unqualifiedly familiar with the location of the tracks and, in our judgment, he invited the ensuing collision by driving directly in front of the approaching interurban cars which, had he been looking, he would have seen in time to avoid.

In our judgment, the only rational conclusion which reasonable minds can reach in the instant case is that the defendant in error was guilty of contributory negligence.

**Hampden Lodge v Gas Co., 127 Oh St, 469.**

The case just cited holds, by unanimous vote of the judges of the Supreme Court, that the rule which has long been known as the "scintilla rule" is no longer in force in Ohio. This decision results in giving the trial judge more authority than he possessed under the scintilla rule and prevents much expense and delay in requiring the retrial of cases upon reversal where the only error found in the record was that it contained a scintilla of evidence in favor of the plaintiff.

The Supreme Court in the case of **J. C. Penny Co. v Robison, 128 Oh St, 626,** supplementing the decision just cited, announces the following rule in the sixth proposition of the syllabus:

"Under our law it is just as pernicious to submit a case to a jury and permit the jury to speculate with the rights of citizens when no question for the jury is involved, as to deny to a citizen his trial by jury when he has the right."

As said in Lessig v Reading Transit & Light Co., 270 Pa., 302:

"A court cannot accept as true that which the indisputable evidence demonstrates is false. Plaintiff's testimony cannot be accepted in the face of the infalible physical facts. Courts are not required to believe that which is contrary to human experience and the laws of nature, or which they judicially know to be incredible. The court will not stultify itself by allowing a verdict to stand, although there may be evidence tending to support it, when the physical facts demonstrate such evidence to be untrue and the verdict to be unjust and unsupported in law and in fact."

Our conclusion being as stated, the judgment of the Court of Common Pleas is reversed and final judgment is entered for the plaintiff in error.

Reversed and final judgment.

OVERMYER and LLOYD, JJ, concur.