# McClelland, Appellant, *v.* Pittsburg Railways Company.

*Negligence—Street railways—Collision between wagon and car—Contributory negligence—Nonsuit.*

It is contributory negligence for the driver of a vehicle who is about to cross the tracks of a street railway, to drive so close to the track as to be hit by an approaching car while in the act of turning into the space between the track and the curb in an endeavor to avoid the car.

Argued Oct. 30, 1906. Appeal, No. 97, Oct. T., 1906, by plaintiff, from judgment of C. P. No. 1, Allegheny Co., Dec. Term, 1902, No. 371, refusing to take off nonsuit in case of R. W. McClelland v. Pittsburg Railways Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BROWN, J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*James Balph*, with him *R. A. Balph*, for appellant.—The case of Callahan v. Philadelphia Traction Company, 184 Pa. 425, is, in its facts, almost indentical with the case at bar.

The case was for the jury: Hamilton v. Consolidated Traction Co., 201 Pa. 351; Heuber v. Consolidated Traction Co., 210 Pa. 70; Kennedy v. Consolidated Traction Co., 210 Pa. 215; Haughey v. Pittsburg Railways Co., 210 Pa. 363; Jackson v. Pittsburg, Allegheny and Manchester Traction Co., 151 Pa. 399; Downey v. Pittsburg, Allegheny and Manchester Traction Co., 161 Pa. 131.

*James C. Gray*, with him *Clarence Burleigh* and *William A. Challener*, for appellee.—Plaintiff's testimony shows glaring contributory negligence: Smith v. Electric Traction Co., 187 Pa. 110; Burke v. Union Traction Co., 198 Pa. 497; Bornscheuer v. Consolidated Traction Co., 198 Pa. 332; Tyson v. Union Traction Co., 199 Pa. 264; Keenan v. Union

Traction Co., 202 Pa. 107; Moser v. Union Traction Co., 205 Pa. 481.

OPINION BY MR. JUSTICE POTTER, January 7, 1907:

This action was brought to recover damages for personal injuries caused by a collision between the buggy in which appellant was riding and one of defendant's cars. The accident occurred just as plaintiff was driving out the driveway of a private residence, intending to cross directly over the track. It appears from the evidence, that he saw the car approaching at some distance, and, keeping his eye upon it, he allowed his driver to proceed at a slow trot. Just as the head of the horse reached the first rail, he concluded that the car was too near, and was coming too fast, for him to cross the track in safety. He then directed the driver to turn the horse to the right into the space between the track and the curb, so as to avoid the car; but in doing so, the wheel turned sharply under the body of the buggy, and apparently swung or pushed it so far around, as to bring the hind wheel in contact with the car as it passed.

The testimony shows that the car was running at an excessive rate of speed, and that the horse was trotting as it approached the track. Presumably the fact that the horse was trotting, made it more difficult to stop or turn when it became necessary to do so, before the buggy reached the track. At any rate if the driver had approached the track more slowly, or had stopped at a point a few feet further from the track, the collision need not have occurred.

Undoubtedly the defendant company was negligent in running the car at so high a rate of speed, but even then, under the well settled rule of law, the plaintiff cannot recover if by his own conduct he also contributed to the happening of the accident. As we read the testimony, he did this when he approached the point of intersection so rapidly, and drove so close to the track, before stopping, or turning the head of his horse. There was ample room to permit the turning of the horse and buggy, into the space between the curb and the first track, as the plaintiff drove out into the street, had he so desired. This was the course he finally adopted, but he hesitated a trifle too long in its execution. If he had stopped,

or turned, an instant sooner, he would have been safe. The buggy seems not to have been at any time actually upon the track, and when the plaintiff was caught, it was by reason of being too close to the car, rather than by being in front of it.

We see no error in the refusal of the learned trial judge to take off the nonsuit, and the judgment is affirmed.