## Winter, Appellant, *v.* Mahoning & Shenango Railway & Light Co.

*Negligence — Street railways — Crossing tracks — Pedestrian — Measure of duty.*

A pedestrian desiring to cross a city street is not prohibited by law or reason from doing so merely because a car is approaching at some distance away, although plainly in sight; but in making the crossing he must exercise such judgment and care as a reasonably prudent person would use under the circumstances. If he starts across the street with a car in full sight, but after one look, pays no further attention to it, and goes upon the tracks without any observation as to the position of the car, or its speed, or its distance from him, and is struck and injured, he cannot recover for his injury.

Argued May 10, 1915.    Appeal, No. 135, April T., 1915, by plaintiff, from judgment of C. P. Lawrence Co.,

Dec. T., 1913, No. 94, for defendant n. o. v. in case of Mary Winter v. Mahoning & Shenango Railway & Light Company.  Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.  Affirmed.

Trespass to recover damages for personal injuries. Before PORTER, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in entering judgment for defendant n. o. v.

*J. Clyde Gilfillan,* for appellant.

*C. H. Akens,* of *Akens, Wilkinson, Lockhart & Chambers,* for appellee.

OPINION BY KEPHART, J., October 11, 1915:

This appeal is from the entry of judgment by the court below on the appellee's motion for judgment n. o. v.  The relative rights of the public and street railway companies as to the use of public highways have been frequently expressed.  The dominant right to the use of the tracks of a street railway company on a public highway is in the company; and that right must be conceded and deferred to by all the public who have the right to cross the tracks.  When about to cross, they must use ordinary prudence to ascertain whether the owner of the tracks is about to use them: McCracken v. Consolidated Traction Co., 201 Pa. 378.  There is, however, nothing in this principle which prohibits the pedestrian from crossing a street simply because there is a street car thereon.  As stated by Judge HEAD, in Connor v. Pittsburgh Railways Co., 50 Pa. Superior Ct. 629: "A pedestrian may not undertake to cross a track in front of a visibly approaching car, running under normal conditions, without leaving himself sufficient time to clear the track be-

fore the arrival of the car.  But it is equally true that a pedestrian, desiring to cross a city street, is not prohibited either by law or reason from doing so merely because a car is approaching at some distance away although plainly in sight.  Otherwise, the streets of our cities would have to be given up exclusively to the use of the cars operated thereon.  Between these two extreme cases there must be a zone of reasonable safety within which a pedestrian may undertake to cross a street, although a car be approaching, without it being apparent that he has violated any rule either of law or common sense."  In all cases where such crossing calls into question the exercise of reasonable judgment or the care of a reasonably prudent person under the circumstances, the jury must determine whether such care or judgment has been fairly exercised.  In those cases where it is apparent that the pedestrian has failed to observe well settled rules for safety, and is injured by a street car in attempting to make a crossing, he cannot recover.

Counsel for appellant urges that the plaintiff used due care and exercised the judgment that her surroundings called for, which, though faulty, was such that relieved her of the charge of contributory negligence.  She was walking down Highland avenue on her way to church. Seeing the car approaching in the direction she was traveling, and fearing she might be late, the plaintiff started to run or walk rapidly diagonally across an intersecting street to where the approaching car would receive passengers.  To reach that place she must cross two tracks.  About half way between the curb and the first track, without slacking her pace, she waived her umbrella for the car to stop.  It was then about a block and a half, or from three to four hundred feet away. Without again looking up to observe where the car was, she continued her run, passing over the first track in safety into the middle of the second track on which the car was running.  Here she looked up, and without decreasing her speed again signaled the car with the um-

brella.  She took about three steps when the fender of
the car struck her.  When she looked up the second time,
she states twice in her testimony that she did not know
where the car was, and at no time did she observe the
speed of the car.

The facts in this case bring it squarely in line with a
number of authorities.  In the present case the plaintiff
made no stop from the time she left the curb until struck,
a distance of some thirty-six feet.  After she left the
curb and within a short distance of it, she noticed the
position of the car, and though she was traveling some-
what in the same direction as the car was moving, and
with her back to it, she did not look at the car to locate
its position until she was in the middle of the track on
which she was struck; then she noticed the car.  Its dis-
tance from her must not have been very far and could be
"measured only by the space of time it took for her to
make" the two steps to clear the tracks.  When she did
look, from her testimony she was moving rapidly, conse-
quently this space of time must have been very short, so
short that it may be said the contact was almost in-
stantaneous.  It will not do for a pedestrian standing on
the curb, intending to cross a street diagonally, either at
a crossing or between crossings, to locate the car before
he starts, and then, without further attention to its po-
sition, proceed to cross the tracks.  The law imposes on
him a different duty.  Before he enters the zone of dan-
ger or the path of the car, the duty of observing the car's
position is imperative.  "It is the absolute duty of a
traveler or driver of a team at the intersection of two
streets upon which is laid a line of street railway to look
immediately before going on the tracks, and failure to
do so is negligence per se......The one positive and im-
perative duty always required under such circumstances
is to look when the tracks are reached and immediately
before attempting to cross.  Failure to perform this ab-
solute duty will defeat a recovery under the authority
of all our cases": Smathers v. P. & B. St. Ry. Co., 226

Pa. 212; Cornell v. Pittsburgh Railways Co., 54 Pa. Superior Ct. 230. This plaintiff did not attempt to follow this injunction until she was in the middle of the tracks on which the car was running. Her previous conduct just as she left the curb before she reached this path of danger "cannot atone for her failure to watch the car, which she knew was there and in service": Cornell v. Pittsburgh Railways Co., supra. Her view was unobstructed, and the fact that the injury occurred so shortly after she had reached the danger zone leads us to conclude that her mind was so preoccupied with her desire to reach what she was "aiming at" that she did not think of the danger from her acts. She frankly admits that she was not thinking about the car but was thinking about going on. It is a primary rule that the minds of pedestrians on public highways must be reasonably free to observe conditions and circumstances under which they are traveling. "Cases of collisions in right angle crossings, between railway cars and wagons are not analogous. A pedestrian, having his own safety to guard, requires but a small space in which to stand, and can turn or step very quickly in protecting himself, or in avoiding an approaching car running upon a fixed track. Therefore, when a pedestrian, after stepping in front of a car, comes in practically instantaneous contact with it, it matters not what the testimony as to his previous actions may have been. The mischief is done at that time, and the collision occurs practically on the instant: Cunningham v. Philadelphia R. T. Co., 240 Pa. 194. The presumption in such cases is that the plaintiff did not look and listen to observe the car's position and whether the car was moving under normal conditions. It is admitted by the plaintiff that she did not notice the speed of the car. She had abundant opportunity to become familiar with their movements as they passed her house daily and she should have been able to judge something of their speed, that is, she should have been able to know whether they were going fast or slow, or give some idea

as to what she considered the speed of the car,—this, so that she might be better able to form her judgment whether it was safe to cross.   Under the evidence we think the trial judge was clearly right in sustaining the motion for judgment n. o. v.

The assignments of error are overruled and the judgment is affirmed.