# Miller North Broad Storage Company, Appellant, v. Philadelphia Rapid Transit Company.

*Negligence—Street railways—Automobiles—Stop, look and listen—Contributory negligence.*

Where the chauffeur of an autotruck weighing with contents over six tons reaches the house line of a street on which a street railway is operated, and looks and sees a street car approaching on the street he is about to cross, and then proceeds without looking again until it is too late to stop the truck, and the truck is struck and damaged by the street car, no recovery can be had from the street railway company for the damage done.

Argued Dec. 1, 1915.  Appeal, No. 281, Oct. T., 1915, by plaintiff, from order of C. P. No. 1, Philadelphia Co., June T., 1913, No. 4995, refusing to take off nonsuit in case of Miller North Broad Storage Co., Appellant, v. Philadelphia Rapid Transit Company.  Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.  Affirmed.

Trespass to recover damages for injuries to an autotruck.  Before BREGY, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was refusal to take off nonsuit.

*Robert P. Shick,* with him *Winfield W. Crawford,* for appellant.—The rights and obligations of corporations operating street car lines upon the public streets of a city, and those of pedestrians or drivers of wagons and operators of automobiles are reciprocal; neither has the sole and exclusive right of way on the streets: Carson v. Federal Street, Etc., Ry. Co., 147 Pa. 219; Haas v. Chester St. Ry. Co., 202 Pa. 145; Timler v. P. R. T. Co.,

214 Pa. 475;  Bickle v. Penna. R. R. Co., 217 Pa. 456;
Kauffman v. P. R. R. Co., 237 Pa. 227.

Street railway companies must exercise such watchful
care as will prevent accident or injuries to persons who,
without negligence on their part, may not at the moment
be able to get out of the way of a passing car   The de-
gree of care to be exercised must necessarily vary with
the circumstances of each case: Gilmore v. Federal St.,
Etc., Ry. Co., 153 Pa. 31;  Holt v. P. R. R. Co., 206 Pa.
356;  Sieb v. Cent. Penna. Traction Co., 47 Pa. Superior
Ct. 228;  Young v. P. R. T. Co., 248 Pa. 174;  Humes v.
Philadelphia Rapid Transit Co., 58 Pa. Superior Ct. 641;
Lewis v. Wood, 247 Pa. 545.

*Sydney Young,* for appellee.—The nonsuit was prop-
erly entered: Odbert v. Webster, Etc., Ry. Co., 50 Pa.
Superior Ct. 525;  Latnee v. Philadelphia Rapid Transit
Co., 55 Pa. Superior Ct. 362;  Mellet v. Reading Transit
Co., 55 Pa. Superior Ct. 465;  Dunlap v. Philadelphia
Rapid Transit Co., 248 Pa. 130;  Taylor v. Philadelphia
Rapid Transit Co., 55 Pa. Superior Ct. 607;  Nicholson
v. Pittsburgh Rys. Co., 58 Pa. Superior Ct. 106.

Opinion by Trexler, J., April 17, 1916:
The driver of plaintiff's van when he reached the house
line of the street saw a street car approaching on the
street he was about to cross.   His next look was when
he was within one foot of the trolley track.   Then the
street car was two or three car lengths away, coming at
full speed.   At the place he last looked, he could not
stop his machine in time to avoid a collision.   He put on
speed in order to cross in front of the car, but failed in
his attempt and was struck.

The court entered a nonsuit and we think properly
so.   The driver of the van did not fulfill his duty in the
premises when he looked as he came to the house line of
the street.   He should have looked before he entered the

track. The last look he gave amounted to nothing, for he was not then in a position to avoid the danger.

The chauffeur should have looked before going upon the track and when he looked his machine should have been under such control as to enable him to stop before entering the tracks, for it would be useless to have looked when he by his own act had put himself in such a position that the danger could not be avoided. "The duty is not performed by looking when first entering on the street but continues until the track is reached": Ehrisman v. Harrisburg Street Ry. Co., 150 Pa. 180; Bane v. Pittsburgh Rys. Co., 243 Pa. 427. These cases refer to drivers of horses. The duty is equally imperative in the case of a driver of an automobile truck weighing with the contents over six tons, the momentum of which was such as made it difficult to stop within a short distance. The danger of proceeding without observing the oncoming car under such conditions is obvious.

Judgment affirmed.