## Kane, Appellant, *v.* Philadelphia Rapid Transit Co.

*Negligence—Street railways—Automobile—Collision.*

In an action to recover damages for injuries to an automobile, a nonsuit is properly entered where the evidence shows that the driver of the truck which weighed four or five tons, in approaching a crossing with which he was familiar, did not look for an electric car which was approaching him at right angles until he was within three or four feet of the track, and then, becoming aware of the danger, and being unable to reverse his motor, put on more power and attempted to cross in front of the car, but failed in his attempt and was struck.

Argued Dec. 12, 1916. Appeal, No. 356, Oct. T., 1916, by plaintiff, from order of C. P. No. 3, Philadelphia Co., Dec. T., 1914, No. 1162, refusing to take off nonsuit in case of Joseph J. Kane, trading as Kane & Company, v. Philadelphia Rapid Transit Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before McMICHAEL, P. J.

From the record it appeared that plaintiff's automobile truck collided on July 31, 1914, with an electric car at the intersection of Woodland avenue and Fifty-second street. The circumstances of the accident are stated in the opinion of the Superior Court.

*Error assigned* was order refusing to take off nonsuit.

*Horace Michener Schell,* for appellant.—The case was for the jury: Ely v. Pittsburgh, Etc., Ry. Co., 158 Pa. 233; McCollum v. Pittsburgh Ry. Co., 51 Pa. Superior Ct. 637; Anderson v. Pittsburgh Ry. Co., 251 Pa. 517; Conyngham v. Erie Electric Motor Co., 15 Pa. Superior

Ct. 573; Bickley v. Southern Penna. Traction Co., 56 Pa. Superior Ct. 113; Grupp v. Philadelphia Rapid Transit Co., 42 Pa. Superior Ct. 271.

*William M. Stewart, Jr.,* for appellee.—The nonsuit was properly entered: Bornscheuer v. Consolidated Traction Co., 198 Pa. 334; Hicks v. Philadelphia Rapid Transit Co., 53 Pa. Superior Ct. 174; Miller North Broad Storage Co. v. Philadelphia Rapid Transit Co., 62 Pa. Superior Ct. 568; Nicholson v. Pittsburgh Rys. Co., 58 Pa. Superior Ct. 106.

OPINION BY HEAD, J., July 13, 1917:

The servant of the plaintiff was driving a heavily loaded automobile truck which, without a load, weighed four or five tons. On the day of the accident, which occurred about noon, he was driving south on Fifty-second street in the City of Philadelphia intending to turn eastward on Woodland avenue. This avenue crosses Fifty-second street at right angles. The defendant transit company operated its cars in both directions upon that avenue. As the plaintiff's driver, who was thoroughly familiar with existing conditions, approached the avenue, his view of the tracks of the street car company was obscured by a large billboard that prevented any extensive survey of the avenue until he had passed the line of the obstruction. This would leave him but a few feet from the street car tracks. He came out of Fifty-second street, undertook to cross the tracks, and the rear of his truck was struck by an approaching car. He brought this action to recover the damages occasioned by the collision. At the conclusion of the testimony offered by the plaintiff who had called perhaps a half dozen witnesses, the learned trial judge entered a compulsory nonsuit which he afterwards refused to take off and the plaintiff appealed.

It cannot be doubted the rule of the law which requires one in the position of the plaintiff's driver to look before

essaying a crossing of the tracks of a railway company on a city street is an imperative obligation. The reason of it is manifest. It is not only to protect the life and property of one in the position of the plaintiff's driver but even more for the safeguarding of the lives and limbs of the many who travel in the street cars. Of course the obligation to look implies that one will look where he can see and further that when he looks at such a place he must have his vehicle under such control that he may protect himself and the passengers in the street car from a danger which his eyesight declares is imminent and obvious. Now the plaintiff's driver, on whose testimony he must rely, himself declares that he first saw the street car when he was just coming to the tracks with the front wheels of his own truck but three or four feet away from the track. Before he could cross it, which he undertook to do, he was struck by the oncoming car. He declares himself that when he saw the car he knew he could not reverse his motor and back it away, and the only thing left, as he saw the situation, was to put on more power and endeavor to cross. In this effort he failed. He further says he could have stopped the machine in a quarter of its length. He also declares he was afraid the car was going to hit him when he first saw it. It is true, he adds, that when he saw the car it was three or four hundred feet away. This estimate, in the light of what happened, cannot be better described than by using the language adopted by the witness himself when he characterized it as "a rough guess." All of the other witnesses practically agreed that as the plaintiff's driver brought his truck out of Fifty-second street to the crossing, which the driver knew to be dangerous, the situation was such that a collision was inevitable. For example, Charles. Wilson, who sat beside the driver, said he first looked east for a trolley car just when they "got within about two feet of the rail." The car was coming and was about twenty feet away. He also says the truck was moving at the rate of eight or ten miles per hour. He was the first

80, (1917).]          Opinion of the Court.

person who called the driver's attention to the approaching car. Edward Trump says he saw the truck come out of the street and turn towards the city. Just then he saw the trolley car about a length or two from Fifty-second street. There is really no evidence in the case, more than a scintilla to modify the conclusion that naturally flows from such testimony. Taking it as a whole we are convinced no trial judge could have permitted a verdict for the plaintiff to stand. We are unable to discover any substantial distinction in the facts in the case of Miller, Etc., Storage Co. v. Philadelphia Rapid Transit Co., 62 Pa. Superior Ct. 568, and the case at bar. We are of opinion the learned trial judge was correct in his conclusion that the case cited practically controlled the case at bar, and in following it and entering a judgment of compulsory nonsuit he committed no error. The assignments of error are overruled.

Judgment affirmed.