# Griffith *v.* Philadelphia Rapid Transit Co., Appellant.

*Negligence—Street railways—Grade crossing—Pedestrian—Look and listen—Stepping in front of moving car—Contributory negligence per se—Presumption—Anticipating negligence of others.*

1. It is the fixed duty of a pedestrian to look; and, if necessary because of obstruction to vision, to listen, before stepping upon the track of a street railway; not to do so is negligence per se and bars recovery. The proper place to look is when close to the track or at the edge of the track.

2. One who knows that a street railway car is approaching and stops in its path without observation as to its speed or position, is guilty of negligence; and the rule that a pedestrian is not bound to anticipate negligence on behalf of the railway company, cannot excuse his own failure to perform an inflexible duty. Where there is no evidence upon the subject, the presumption is that the traveler at the crossing performed his duty.

3. In an action against a street railway company to recover damages for personal injuries, plaintiff cannot recover where the evidence shows that at the time of the accident she walked south, on the east sidewalk of a north and south street, until she reached the north curb of an east and west avenue on which defendant operated a double track street railway; she looked west and saw a car approaching on the eastbound (south) track, about 150 feet from the crossing; at the same time, seeing people standing on the south side of the avenue in line with the west sidewalk of the street, and where eastbound cars were accustomed to receive passengers, she started to run across the avenue in line with the east walk on the north and south street, and continued her course without pausing or again looking, until she had nearly crossed both tracks, when she was struck by the car which she had seen approaching, which had not stopped at the intersection, nor given warning of its approach until just before the accident; the car was moving at ordinary speed, which was not reduced at the intersection as required by city ordinance, but stopped in less than a car length after the accident; plaintiff ran nearly fifty feet and on to the tracks without looking or taking any precaution to ascertain the position of the approaching car, and testified she did not look after leaving the north curb of the avenue; she was a young woman in the full possession of her faculties; it was daylight; and there was nothing to divert her attention.

Argued March 22, 1920. Appeal, No. 199, Jan. T., 1920, by defendant, from judgment of C. P. No. 1, Phila. Co., March T., 1917, No. 2456, on verdict for plaintiff, in case of Lillian H. Griffith (now Lillian G. Neely) v. Philadelphia Rapid Transit Co. Before BROWN, C. J., STEWART, WALLING, SIMPSON and KEPHART, JJ. Reversed.

Trespass for personal injuries. Before PATTERSON, J.
The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $1,600. Defendant appealed.

*Error assigned* was refusal of defendant's motion for judgment n. o. v.

*Sydney Young*, for appellant.—Plaintiff was guilty of contributory negligence: Nugent v. Phila. Traction Co., 181 Pa. 160; Boring v. Union Traction, 211 Pa. 594; Flynn v. Pittsburgh Rys., 234 Pa. 335; Cunningham v. Phila. Rapid Transit, 240 Pa. 194; Cornell v. Pittsburgh Rys., 54 Pa. Superior Ct. 230; Winter v. Mahoning, etc., St. Ry. & Light Co., 61 Pa. Superior Ct. 440; Wolf v. Phila. R. Transit Co., 252 Pa. 448; Hilliard v. Phila. Rapid T. Co., 65 Pa. Superior Ct. 345.

*William E. Caveny*, with him *H. James Sautter*, for appellee.—It was not plaintiff's duty to anticipate defendant's negligence in failing to stop at its usual stopping place: Henderson v. United Traction Co., 202 Pa. 527; Welsh v. P. R. T. Co., 63 Pa. Superior Ct. 143; Humes v. Phila. Rapid T. Co., 58 Pa. Superior Ct. 641; Dunn v. Phila. Rapid T. Co., 244 Pa. 176; Shields v. Phila. Rapid T. Co., 261 Pa. 422.

Even if plaintiff had looked before entering the rails of defendant's eastbound track it would not have added to her security: Healy v. Shedaker, 264 Pa. 512.

OPINION BY MR. JUSTICE WALLING, April 12, 1920:

This suit results from a crossing accident. Baltimore avenue, Philadelphia, extends in an easterly and westerly direction and defendant has thereon a double track electric street railway. Plaintiff resided on Fifty-sixth street, which extends north from the avenue, and, on the morning of January 16, 1917, left her home, intending to take an eastbound car, and walked south on the east sidewalk of that street until she reached the north curb of the avenue, where she looked west and saw a car approaching on the eastbound (south) track, about 150 feet from the crossing. At the same time, seeing people standing on the south side of the avenue in line with the west sidewalk on Fifty-sixth street and where eastbound cars were accustomed to receive passengers, she started to run across the avenue in line with the east walk on Fifty-sixth street and continued her course, without pausing or again looking, until she had nearly crossed both tracks, when she was struck and injured by the car above mentioned, which had not stopped at the intersection, nor given warning of its approach until just before the accident. The car was moving at ordinary speed, which was not reduced at the intersection as required by the city ordinance, but stopped in less than a car length after the accident. Plaintiff ran nearly fifty feet and onto the tracks without looking or taking any precaution to ascertain the position of the approaching car, and testifies that she did not look after leaving the north curb of the avenue. She was a young woman in the full possession of her faculties, it was daylight and there was nothing to divert her attention. Had she watched the car she would have seen that it did not stop or slacken its speed at the crossing and was close upon her when she stepped in its path. The trial judge submitted the case to the jury and this appeal by defendant is from judgment entered upon a verdict for plaintiff.

The only question is whether the trial court erred in declining defendant's request for binding instructions

and its motion for judgment n. o. v. Such request should have been granted on the ground of contributory negligence. It is the fixed duty of a pedestrian to look immediately before stepping upon the track of a street railway; not to do so is negligence per se and bars recovery. In delivering the opinion of the court, in Ervay v. Waverly, S. & A. Tract. Co., 240 Pa. 440, 443, Mr. Chief Justice FELL says: "The duty of a pedestrian or driver to look, and, if necessary because of obstructions to vision, to listen before crossing the track of a city passenger railway is as fixed as the duty of which it is a part, to stop, look and listen before crossing the track of a steam railroad. The rule in relation to the observance of this duty is unbending and to be observed at all times and under all circumstances and a failure to observe it is negligence per se. In the observance of it no question can arise as in the case of a driver at the crossing of a steam road in relation to the usual or proper place to stop. The proper place to look is when close to the track or, as stated in some of our cases, at the edge of the track. There has been no departure from the rule as announced in Ehriman v. East H. C. P. Ry., 150 Pa. 180, and it has been followed in a long line of cases. In Smathers v. Pittsburgh, etc., Ry., 226 Pa. 212, it was said by our Brother ELKIN in speaking of the duty to look before crossing the tracks of a railway company: 'The one positive and imperative duty always required under such circumstances is to look when the tracks are reached and immediately before crossing. Failure to perform this duty will defeat a recovery under the authority of all our cases. In such case no question can arise as to the proper place to look or whether there is a better place, as in a steam railroad grade crossing, because the settled rule is that the place to look is immediately before going upon the tracks.'" To like effect are Timler v. Phila. R. T. Co., 214 Pa. 475; Bready v. Phila. R. T. Co., 68 Pa. Superior Ct. 298; Clift v. Phila.

& W. C. Co., 52 Pa. Superior Ct. 502, and other cases; see also Crooks v. Pittsburgh Rys., 216 Pa. 590.

One who knows that a car is approaching and steps in its path without observation as to its speed or position, is guilty of negligence (Winter v. Mahoning & S. Ry. & L. Co., 61 Pa. Superior Ct. 440) and the rule that a pedestrian is not bound to anticipate negligence on behalf of the railway company cannot excuse his own failure to perform an inflexible duty.

The case of Welsh v. Phila. R. T. Co., 63 Pa. Superior Ct. 143, relied upon by the court below, is distinguishable from the present. There is nothing to indicate that the plaintiff there failed to look after leaving the curb: in fact, the evidence tends to show that she looked again as she approached the tracks but was overtaken because of the car's excessive speed. While that is a close case it is not inconsistent with the rule that the traveler must look before attempting to cross a street car track. Plaintiff is to be commended for candor, but her testimony that she did not look after leaving the curb is fatal to her case. To hold otherwise would be a departure from the uniform decisions of this court and unsettle the law, for no case has been called to our attention, and we have found none, where a recovery has been sustained in the face of a manifest violation of the rule requiring the traveler to look immediately before going upon the track. We are referring to street car accidents and not to collisions with automobiles and other vehicles having no fixed track. Of course where there is no evidence upon the subject, the presumption is that the traveler at the crossing performed his duty.

Had plaintiff seen the car so close upon her she would have been clearly at fault in attempting to cross in front of it (Di Orio v. Phila. R. T. Co., 260 Pa. 399; Wolf v. Phila. Rapid Transit Co., 252 Pa. 448; Yevsack v. L. & Wyo. Val. R. R. Co., 221 Pa. 493; Hicks v. Phila. R. T. Co., 53 Pa. Superior Ct. 174), and she cannot be excused because of her own negligent failure to look: Jer-

don v. Phila. R. T. Co., 260 Pa. 275; Weber v. Phila. Rapid Transit Co., 256 Pa. 595; Robbolatto v. Phila. R. T. Co., 252 Pa. 470; Flynn v. Pittsburgh Rys., 234 Pa. 335; Boring v. Union Traction Co., 211 Pa. 594; Miller N. B. S. Co. v. Phila. R. T. Co., 62 Pa. Superior Ct. 568.

The judgment is reversed and is here entered for the defendant non obstante veredicto.