## Knaell *v.* Pittsburgh, Mars & Butler Railway Company, Appellant.

*Negligence—Street railways—Automobile collision—Contributory negligence.*

In an action of trespass to recover damages for personal injuries sustained in a collision between an automobile and a trolley car,

356 KNAELL v. PGH. MARS & BUTLER RY. CO., Appel.

the defendant is entitled to binding instructions where the evidence shows that the driver of the machine, in approaching a crossing with which he was familiar, proceeded at the rate of five miles an hour, but did not look for the approaching car until he was within ten feet of the tracks and, knowing that he did not have time to cross, attempted to stop his machine, but failed to avoid a collision.

Under such circumstances, the plaintiff was guilty of contributory negligence and there can be no recovery.

Argued April 25, 1924. Appeal, No. 135, April T., 1924, by defendant, from judgment of C. P. Butler Co., Sept. T., 1922, No. 87, on verdict in favor of plaintiff in the case of George Knaell v. Pittsburgh, Mars & Butler Railway Company. Before HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Trespass to recover damages for personal injuries. Before REIBER, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $2,000 and judgment thereon. Defendant appealed.

Error assigned was, among others, refusal of defendant's motion for judgment non obstante veredicto.

J. Campbell Brandon, of Brandon & Brandon, for appellant.—The plaintiff was guilty of contributory negligence: Miller N. B. S. Co. v. Phila. Rapid Transit Co., 62 Pa. Superior Ct. 568, 570; Kane v. Phila. Rapid Transit Co., 67 Pa. Superior Ct. 80; Bready v. Phila. Rapid Transit Co., 68 Pa. Superior Ct. 298, 301-302; McClelland v. Pitts. Ry. Co., 216 Pa. 593.

James E. Marshall, and with him Thomas W. Watson, for appellee.—The case was for the jury: Armstrong v. Buffalo, Rochester & Pittsburgh Ry. Co., 81 Pa. Superior Ct. 337; Penna. R. R. Co. v. Ogier, 35 Pa. 60; Breun-

niger v. Penna. R. R. Co., 9 Pa. Superior Ct. 461;
Stover v. Penna. R. R. Co., 195 Pa. 616; Doyle v. Chester
Traction Co., 214 Pa. 382; Knowlan v. Shipley-Massing-
ham Co., 266 Pa. 117; Johnson v. West Chester & Phila.
R. R. Co., 70 Pa. 357.

OPINION BY TREXLER, J., July 2, 1924:

Plaintiff driving a Ford touring car at a rate of speed
of about 5 miles an hour was about to cross defendant's
interurban trolley road at a grade crossing on a public
highway near the Borough of Mars. When he was with-
in 10 feet of the crossing, the front of his car being about
4 or 5 feet from it, he saw the trolley car approaching on
a down grade about 125 feet away and knowing he had
not time to cross he attempted to stop his machine, but
failed to avoid a collision. He states that the momen-
tum of the automobile carried it over the first rail. The
plaintiff was thoroughly familiar with the premises. He
knew that his view would be obstructed, nevertheless he
kept on with his automobile until he got to a place where
he could see, but a place in which he could not escape
danger if it should appear. He was going into a situa-
tion of known danger without having his car under con-
trol. To look when it was impossible to check the speed
of the car so as to keep from entering the tracks was
useless. It was plaintiff's duty, knowing the locality,
when he came to the place where he could see to have his
car so that he could arrest its progress before it reached
the tracks. This is in accordance with our decisions:
Miller North Broad Storage Company v. Philadelphia
Rapid Transit Company, 62 Pa. Superior Ct. 568; Kane
v. Philadelphia Rapid Transit Co., 67 Pa. Superior Ct.
80. We think the plaintiff was guilty of contributory
negligence. The third assignment of error, the one to the
refusal of the court to give binding instructions is sus-
tained.

The judgment is reversed and judgment is now en-
tered in favor of the defendant.