## Smith, Appellant, *v.* Lehigh Valley Transit Co.

Argued February 4, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Fred B. Gernerd,* for appellant.—Defendant's motorman was grossly negligent in approaching an intersec-

tion where three roads meet by running his car at an excessive rate of speed without giving proper warning at a reasonable distance from said intersection and by failure to have his car under proper control: Harkin v. Transit Co., 278 Pa. 24; Gavin v. Transit Co., 271 Pa. 73.

Whether or not plaintiff was guilty of contributory negligence was for the jury: Weschler v. Traction Co., 293 Pa. 472; Rothrock v. Transit Co., 260 Pa. 463; Parznik v. Abattoir Co., 284 Pa. 393; Flounders v. Traction Co., 280 Pa. 85; Talley v. Traction Co., 227 Pa. 393.

Plaintiff was placed in a sudden peril by the negligence of defendant and whether he acted as a reasonably prudent man under the circumstances was for the jury: Kelley v. R. R., 263 Pa. 426; Shaffer v. Traction Co., 229 Pa. 533; Morris v. Ry., 78 Pa. Superior Ct. 332.

The court erred in holding that plaintiff was guilty of contributory negligence as a matter of law: Kilpatrick v. Transit Co., 290 Pa. 288; Mellinger v. Traction Co., 92 Pa. Superior Ct. 332; Emmelt v. Transit Co., 89 Pa. Superior Ct. 417.

*A. G. Dewalt*, of *Dewalt & Heydt*, for appellee.—It was plaintiff's duty to have his automobile under such control that he could stop it if danger was impending: Barton v. Transit Co., 283 Pa. 577; Barnes v. Ry., 86 Pa. Superior Ct. 332; Leiser Gas Stove Co. v. Transit Co., 90 Pa. Superior Ct. 232; Schuchalter v. Transit Co., 288 Pa. 189.

OPINION BY MR. JUSTICE WALLING, March 18, 1929:

This suit is the result of a crossing accident. The defendant's single track electric railway, extending southerly from Allentown along the easterly side of a public street, in a partially built-up suburban district, is crossed diagonally at grade by the Allentown and Bethlehem highway. The traveler approaching from the east has a clear view to the south, but to the north his view is obstructed by residences and nearer the track by trees

and poles. Just before reaching the track, however, there is a clear view of several hundred feet in that direction. At about five o'clock on the afternoon of November 16, 1925, plaintiff, a resident of Allentown, driving his automobile in a westerly direction, approached this crossing, with which he was familiar, at a speed of twelve miles an hour. He was watching in both directions, especially to the south as it was about time for the Philadelphia Limited. When the front of his auto was within five or six feet of the first rail he passed the line of all obstructions to view and looking to the north saw a rapidly approaching electric car within two hundred feet. Believing he had not sufficient time to clear the crossing and being unable to stop before reaching the track, he turned suddenly to the north (his right), collided with an electric pole, which threw the auto toward the track where it came in contact with the electric car and plaintiff was seriously injured. It was admittedly a dangerous crossing, but the automobile and car in question approached it on an obtuse angle, so they partially faced each other. The jury found for the plaintiff, but the trial court later entered judgment for the defendant non obstante veredicto on the ground of contributory negligence; therefrom plaintiff brought this appeal.

The judgment was rightly entered. It is an inflexible rule that travelers must look at the edge of the street car track for approaching cars thereon: Lessig v. Reading Transit & L. Co., 270 Pa. 299; Moses v. Northwestern Pa. Ry. Co., 258 Pa. 537; Ervay v. Waverly S. & E. Traction Co., 240 Pa. 440. See also McClelland v. Pittsburgh Rys. Co,. 216 Pa. 593; McCracken v. Traction Co., 201 Pa. 378; Burke v. Union Traction Co., 198 Pa. 497. This, plaintiff testified he did. The object of this rule is to enable the traveler to ascertain the position and movement of the electric cars that he may avoid entering upon the track in case of danger. The look is of no avail when he who looks must enter upon the track

regardless of what he sees. Hence, as a companion to the rule above stated, is the additional rule that at the moment of such look the traveler must have his vehicle under control so he can stop before getting in the path of an approaching electric car. Here, plaintiff says he came to the track at the speed of twelve miles an hour and on seeing the trolley car turned sharply to the right in an effort to avoid a collision. The reason he so turned was because of inability to stop before reaching the track. No one contends that an automobile moving twelve miles an hour can be stopped in five or six feet.

As a matter of common knowledge, twelve to fifteen feet would be a good stop on a dry pavement, and this was wet, for it had been raining. It was yet light, plaintiff was familiar with the surroundings, and no excuse is offered for his coming to the track at that rate of speed, especially as he had no information as to whether an electric car was approaching from the north, until he was near the edge of the track. The traveler must approach such a crossing with his car under perfect control so he can stop, if necessary, and thus avoid danger: Weschler v. Buffalo & L. E. T. Co., 293 Pa. 472, 476; Kilpatrick v. Phila. Rapid Transit Co., 290 Pa. 288, 292; Flounders v. Southern Pa. Traction Co., 280 Pa. 85; Barnes v. A. & L. V. Elec. Ry., 86 Pa. Superior Ct. 882. As stated by Judge TREXLER, speaking for the Superior Court, in Miller N. B. S. Co. v. P. R. T. Co., 62 Pa. Superior Ct. 568, 570: "The chauffeur should have looked before going upon the track and when he looked his machine should have been under such control as to enable him to stop before entering the tracks, for it would be useless to have looked when he by his own act had put himself in such a position that the danger could not be avoided." There is no inflexible rule requiring the traveler to stop before crossing a street railway track; but there is to stop or have his automobile under such control that he can stop when necessary to avoid danger.

216

The rule that one who, without fault on his part, is placed in sudden peril by the negligence of another, is not required to exercise deliberate judgment in attempting to extricate himself therefrom cannot help plaintiff, because the sudden peril was, at least in part, caused by his own fault in approaching the crossing without having his car under control. We concur in the conclusion of the trial court that plaintiff cannot recover because of contributory negligence, and that no other questions need be considered.

The judgment is affirmed.