Augustine, Appellant, *v.* Philadelphia Rapid Transit Co.

Argued October 8, 1935.

578

Before Keller, P. J., Baldrige, Stadtfeld, Parker, James and Rhodes, JJ.

*Arthur S. Arnold,* with him *Alma H. Arnold,* for appellant.

*Owen B. Rhoads,* with him *Bernard J. O'Connell,* for appellee.

Opinion by Parker, J., November 20, 1935:

This is an appeal from a judgment n. o. v. entered for the defendant in an action involving a collision between a trolley car and a truck at a right angle street intersection.

Examining the evidence in a light most favorable to the plaintiff, we find that a truck of the plaintiff, operated by one of his drivers, was proceeding easterly on Poplar Street and a trolley car of the defendant was moving in a southerly direction on North 17th Street in the city of Philadelphia. The driver of the truck described the occurrence at the intersection of the street in this language: "At the house line I looked up 17th Street. I seen this trolley car approaching about fifty feet away from me. I guess about thirty or thirty-five feet away from the intersection. I looked up and the motorman threw his controller off, and then he threw it right back on again. When he threw it off, I

was thinking he was going to stop and I started to go. He put on the brake. I saw him throw his controller on again and I swung slightly to the south. I couldn't swing short enough, and the right front of the car and the left front of my truck met each other." The truck proceeded slowly in the intersection and there is not any evidence that the street car was operated at an excessive speed. An ordinance of the city of Philadelphia offered in evidence required that the speed of a trolley car at intersections such as this one be reduced to a rate "not exceeding five miles per hour at the near side building line," and that a gong be sounded "before crossing any main street." There was no evidence that the terms of this ordinance were violated as to speed.

The court below entered judgment for the defendant for the reason that the driver of the truck was guilty of contributory negligence. We are of the opinion that the action of the court was proper.

It is an inflexible rule that travelers must look at the edge of the street car tracks for approaching cars thereon: Lessig v. Reading T. & L. Co., 270 Pa. 299, 113 A. 381. It is true that there was evidence which would support a finding by the jury that the driver of the truck looked at the house line and also before entering the street car tracks. This, however, is not sufficient for it was the duty of the driver on approaching the tracks to have his truck under such control that he could stop before entering the tracks if occasion for such action arose. "The look is of no avail when he who looks must enter upon the track regardless of what he sees. Hence, as a companion to the rule above stated, is the additional rule that at the moment of such look the traveler must have his vehicle under control so he can stop before getting in the path of an approaching electric car": Smith v. Lehigh Valley T. Co.,

296 Pa. 212, 214, 145 A. 818. Also, see Miller N. B. S. Co. v. P. R. T. Co., 62 Pa. Superior Ct. 568, 570.

It is contended by the appellant that the driver of the truck was justified in proceeding in reliance upon the ordinance quoted above when he saw the trolley car slowing down. There was not any evidence that the car was operated as to speed and stop contrary to the provisions of the ordinance to which we have referred. The driver of the truck did testify that he did not hear the gong sounded. This, however, is not material for the driver has testified that he saw the car approaching and he did not need further advice as to such approach. In any event, a traveler approaching a street intersection is still required to have the car which he is operating under control. The same rule applies in cases involving collisions at intersections where lights are operated or policemen are stationed. "The driver has the help of the officer or mechanical device, but cannot dispense with due care on his part by relying on them solely. He is still bound to the same degree of care as before the introduction of these modern aids to travel": Byrne v. Schultz, 306 Pa. 427, 433, 160 A. 125. The trolley car had the superior right of way. There was not any evidence that the trolley was moving at an unreasonable speed, and the driver of the truck says that he was going slowly. If when the driver looked the truck had been under control the accident would not have happened. The driver, having seen the car approaching during the entire time he was in the intersection, knew that if he proceeded there would be a collision for he was struck as soon as he was on the tracks. The right front of the street car struck the left front of the truck. It is clear that the driver was guilty of contributory negligence.

Judgment affirmed.