Faris *v.* Pittsburgh Railways Company, Appellant.

Argued April 14, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Con F. McGregor,* for appellant.

*Martin E. Geary,* for appellee.

OPINION BY ERVIN, J., June 10, 1959 :

Plaintiff, George D. Faris, Jr., sued the defendant, Pittsburgh Railways Company, in an action of trespass for damages sustained in a collision between an automobile driven by the plaintiff and a streetcar owned by defendant. The jury returned a verdict in favor of the plaintiff in the amount of $2,500.00. The defendant appeals from the judgment entered on the verdict after the dismissal of its motion for judgment n.o.v.

Considering the facts and inferences therefrom most favorably to the plaintiff, as we must, we find that on Saturday, December 5, 1953, at about 8:40 a.m. on a clear day, the surface of the highway being dry, the plaintiff was operating his automobile in a southerly direction on Route 19 in the Borough of West View, Allegheny County. At a point on this route streetcar tracks of defendant cross in a northeasterly and southwesterly direction. On Route 19, at the northerly side of the tracks and located approximately 90 feet there-

from, is a signal pole on which are placed a railroad crossing sign, two lights which when activated flash alternately, each one a red warning sign or light, and four lights in perpendicular arrangement which remain constantly on while the two warning lights are activated and which spell out the word "STOP." The two warning lights and the four lights in perpendicular arrangement remain unlighted until they are activated by the approach of a streetcar at a point 399 feet southwest of the highway. When the streetcar activates the lights, traffic on Route 19 is on notice of an approaching streetcar. The approach of the streetcar from the southwesterly side of Route 19 is on an ascending grade and through a wooded area. It is only when the streetcar has practically arrived at the edge of the concrete highway that it can be seen by traffic traveling in a southerly direction, the direction plaintiff was traveling on the morning of the accident. The plaintiff was approaching the crossing at a speed which he testified was between 20 and 40 miles per hour and at another time testified that he could have been traveling 35 miles an hour and at another time testified that he could have been traveling at 30 miles per hour and that "It could be off five or ten either way." He testified there were no lights operating or activated on the signal pole and that he continued his progress at the same rate of speed that he had been maintaining before he approached the crossing. According to his own testimony he was between 70 to 90 feet away from the intersection when he first saw the streetcar emerging from the wooded area and from behind a building located at the southeasterly corner of the intersection. Hidden from view because of the woods and building, the streetcar could not have been observed before that instant. At this time the front of the streetcar was approximately at the edge

of the concrete roadway of Route 19. Plaintiff testified that as soon as he saw the streetcar he swerved to the left in an attempt to avoid a collision but the front end of the streetcar struck the right side of his car at a point west of the center line of the highway. There was no other traffic traveling ahead of plaintiff and he testified that he noticed that traffic approaching the crossing in a northerly or opposite direction was stopped at the time he swerved to the left.

We are of the opinion that the plaintiff was guilty of contributory negligence as a matter of law. Contributory negligence may be declared as a matter of law only in cases so clear that there is no room for fair and sensible men to differ in their conclusions from the available data: *Caulton v. Eyre & Co., Inc.,* 330 Pa. 385, 390, 199 A. 136.

The plaintiff may not be convicted of negligence per se because of his failure to stop before entering upon the tracks because the warning lights were not in operation: *Leaman Transportation Corp. v. PTC,* 358 Pa. 625, 630, 57 A. 2d 889. In the same case, at page 631, Mr. Justice JONES, now Chief Justice, speaking for a unanimous court, said: "The principles of law governing the conduct of travelers at such intersections were well stated for this court by Mr. Justice STERN in Carden v. Philadelphia Transportation Company, 351 Pa. 407, 410-411, 41 A. 2d 667, as follows: 'It is the duty of the operator of an automobile, immediately before crossing the tracks of a street railway, to look for approaching cars, and, if his view is for any reason obstructed, to listen; it may even, under some circumstances, be required of him to stop, but there is no fixed duty to do so, and, unless the necessity for that additional precaution is obvious, the question whether under the circumstances it should have been taken is for the jury [citing cases]'.

"But, the fact that a driver of a motor vehicle is not confronted with an obvious signal clearly requiring him to stop does not confer upon him an unqualified or unrestricted right of passage. Thus, in the instant case (without giving any consideration to the operation of the signal lights) the driver's right of passage was merely a qualified permission to proceed carefully and lawfully. He was in no wise relieved of his duty to look: see Brungo v. Pittsburgh Railways Company, 132 Pa. Superior Ct. 414, 419, 200 A. 893. 'It is an inflexible rule that travelers must look at the edge of the street car track for approaching cars thereon . . . [and] as a companion to the rule above stated, is the additional rule that at the moment of such look the traveler must have his vehicle under control so he can stop before getting in the path of an approaching electric car:' Smith v. Lehigh Valley Transit Co., 296 Pa. 212, 214-215, 145 A. 818. Or, as elsewhere stated in the case just cited (p. 215),—'There is no inflexible rule requiring the traveler to stop before crossing a street railway track; but there is to stop or have his automobile under such control that he can stop when necessary to avoid danger'." To the same effect see *Smith v. Lehigh Valley Transit Co.*, 296 Pa. 212, 214, 215, 145 A. 818; *Brungo v. Pittsburgh Railways Co.*, 132 Pa. Superior Ct. 414, 418, 200 A. 893; *Kolesar v. Pittsburgh Railways Co.*, 186 Pa. Superior Ct. 295, 298, 142 A. 2d 316.

This is not a case where the question of contributory negligence may be submitted to the jury for its resolution because the proven circumstances are such as to afford the driver of the motor vehicle a reasonable opportunity to cross safely. This is a case where the streetcar had entered the intersection when the driver of the motor vehicle was 70 to 90 feet therefrom and if he had had his vehicle under proper control he

would have been able to stop before entering upon the tracks. This is not a case where the operator of a motor vehicle had a green light in his favor and was entitled to assume that the streetcar was slowing down and would obey the traffic signal to stop. In the present case the traffic signals were not necessary to warn the plaintiff of the approach of the streetcar because he had actual notice that the streetcar was "shooting out" and entering the intersection when he was from 70 to 90 feet therefrom. This is a case where the plaintiff relied solely and blindly upon the inoperative signal and approached the crossing at so great a speed that he was unable to stop although he had between 70 and 90 feet of dry surface upon which to do so after seeing the trolley car enter the highway.

Judgment is reversed with directions that judgment n.o.v. be entered for the defendant.

GUNTHER, WRIGHT and WATKINS, JJ., would affirm upon the opinion of Judge CERCONE for the court below.